IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ALINDA FRANCINE CARTER-THOMAS, ) | |
|     Plaintiffs, ) | |
| vs. ) | No. 3:08-CV-1390-G (BH) |
| ) | ECF |
| RICKY LYNN SULLIVAN, ) | Referred to U.S. Magistrate Judge |
|     Defendant. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

On August 11, 2008, Plaintiff, a resident of Collin County, Texas, commenced this action so as to appeal an adverse judgment rendered in a Texas state court regarding a motor vehicle accident between Plaintiff and Defendant in Collin County. She states that the Court has jurisdiction over this action because she and Defendant both reside in Texas. Defendant is also a resident of Collin County.

**II. JURISDICTION**

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

Courts have "a continuing obligation to examine the basis for their jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990). The Court may *sua sponte* raise the jurisdictional issue at any time. *Id.*; *Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir. 1999). In fact, Fed. R. Civ. P. 12(h)(3) requires the Court to dismiss an action if it determines that it lacks jurisdiction over the subject matter.

Plaintiff has stated no proper basis for federal jurisdiction over this action. The fact that both parties reside in Texas precludes diversity jurisdiction under 28 U.S.C. § 1332, the only apparent jurisdictional basis for maintaining a motor-vehicle-accident case between Plaintiff and Defendant in federal court.

Moreover, the *Rooker-Feldman* doctrine[1] divests this Court of jurisdiction. With that doctrine, the Supreme Court "definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'" *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)). "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance

---

[1] This doctrine is named after *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). These decisions "exhibit the limited circumstances in which [the Supreme] Court's appellate jurisdiction over state-court judgments, 28 U.S.C. § 1257, precludes a United States district court from exercising subject-matter jurisdiction in an action it would otherwise be empowered to adjudicate under a congressional grant of authority." *Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 290 (2005).

would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "It is hornbook law that no court of the United States – other than the United States Supreme Court – can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Jordaan*, 275 F. Supp. 2d at 788. When a federal action attempts to circumvent the state appellate process to collaterally attack the validity of state court judgments and final orders, the lower federal courts lack subject matter jurisdiction over such action. *See id.* at 788-89.

Although in 2005 the Supreme Court sought to clarify the precise contours of the *Rooker-Feldman* doctrine in light of various interpretations "in the lower courts," the clarification does not appear to alter the cited precedent. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 544 U.S. 280, 283-94 (2005). As delineated by *Exxon Mobil Corp.*, "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. The instant case presents the precise situation where the *Rooker-Feldman* doctrine divests the court of subject matter jurisdiction.[2]

Because Plaintiff has stated no proper basis for federal jurisdiction over this action, and because the *Rooker-Feldman* doctrine divests this Court of jurisdiction in any event, the Court lacks subject matter jurisdiction over this action.

---

[2] Because both parties reside in Collin County, the accident between them occurred there, and that county is located within the territorial confines of the Eastern District of Texas, the instant action also presents a problem with venue. *See* 28 U.S.C. § 1391(b). In light of the jurisdictional defects, there is no need to address the venue problem.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the Court **DISMISS** this action for lack of jurisdiction.

**SIGNED this 19th day of August, 2008.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. _Douglass v. United Servs. Auto Ass'n_, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (_en banc_).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE